### STATE, ex rel. CORBITT v. METROPOLITAN COURT JUDGES.
No. 61 L 2288.

Circuit Court, Dade County.
July 21, 1961.

Kessler & Gars, Miami, for petitioner.

Richard E. Gerstein, State Attorney, Glenn C. Mincer and Joan Elizabeth Odell, Ass't. State Attorneys, for respondents.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause came on to be heard on the petitioner's suggestion for prohibition, rule nisi, and the respondents' motion to quash rule nisi, demurrer to the suggestion, motion to dismiss proceedings, and motion to set aside order returning and canceling bail bond. After considering the pleadings and hearing oral argument by the respective parties, the court makes the following findings of fact and renders the following opinion —

On May 8, 1961, the petitioner was arrested and charged with violations of the Traffic Code of Metropolitan Dade County. He was released upon bond. At his arraignment in the metropolitan court on May 16, 1961, he moved to quash the charges on the grounds that his arrest without a warrant was illegal in that the offenses did not occur in the presence of the arresting officer. On May 31, 1961, the trial court held a hearing upon the motion, and testimony was taken. The trial court denied the motion, and set June 28, 1961 as the date of trial.

On June 7, 1961, the petitioner being dissatisfied with the order of the trial court denying his motion to quash, filed his suggestion for a writ of prohibition in this court. On June 13, 1961, rule nisi was issued, prohibiting the trial court from trying the petitioner upon the charges and ordering return of the bail bond. The metropolitan court clerk returned the bail bond.

The respondents' pleadings set forth the fact that the petitioner had filed the motion to quash in the trial court, which the petitioner admits. Respondents urge that prohibition does not lie to prevent a trial court having jurisdiction over the subject matter from exercising jurisdiction over the person of a defendant.

It is the opinion of this court that the petitioner waived any rights he may have had to test the jurisdiction of the trial court over his person when he filed the motion to quash the charges, and that he has an adequate remedy by appeal to obtain review of

the allegedly erroneous rulings of the trial court. This court also holds that even if the petitioner had not filed the motion to quash the charges, prohibition will not lie to test the jurisdiction of the trial court over the person of a defendant. State of Florida ex rel. Crompton v. Balikes, et al. (prohibition proceedings 1960) Dade circuit court no. 60 L 3128.

It is, therefore, considered, ordered and adjudged that the respondents' motion to quash the rule nisi is granted and the rule nisi is quashed; that the respondents' motion to dismiss the proceedings is granted, and the proceedings are dismissed with costs to the petitioner; and that the respondents' motion to set aside the order returning and canceling the bail bond is granted, the order is set aside, and the petitioner or his attorneys, Howard Roth and Stephen F. Kessler, are hereby ordered to forthwith reinstate the bond in the amount of $275 with the clerk of the Dade metropolitan court or else report, in writing, to this court, his or their failure to do so within five days from the date of this order.